In the Matter of the Claim of NICHOLAS GENOVESE, Appellant, against JOSEPH DORFF, INC., and THE STATE INSURANCE FUND, Respondents. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by claimant from a decision of the State Industrial Board. On April 4, 1935, claimant was injured by a fall while pushing a wheelbarrow full of rubbish. The State Insurance Fund, the insurance carrier, concedes liability. From the date of the accident, April 4, 1935, to May 8, 1936, the State Insurance Fund paid compensation to the claimant as the result of disability due to a hernia condition. The Insurance Fund likewise paid compensation to claimant for disability due to this accident for a period from February 2, 1938, to February 18, 1939. The State Industrial Board denied the claimant compensation for the intervening period from May 8, 1936, to February 2, 1938, on the ground that upon medical evidence there was no disability due to an alleged chest condition as related to the original accident. Claimant appeals from the denial of compensation for the period May 8, 1936, to February 2, 1938. There is ample medical evidence to support the finding of the State Industrial Board that no disabling chest condition existed during the period from May 8, 1936, to February 2, 1938. While there is evidence to the contrary, such evidence is based on examinations made subsequent to February 2, 1938. A question of fact is here presented and the record supports the finding of the State Industrial Board. The decision of the State Industrial Board in respect of the period from May 8, 1936, to February 2, 1938, should be affirmed. Decision of the State Industrial Board in respect to the period from May 8, 1936, to February 2, 1938, affirmed. Crapser, Bliss, Schenck and Foster, JJ., concur; Hill, P. J., dissents. This is a State Fund case. Claimant fell striking his abdomen and chest. Compensation was paid from April 4, 1935, to May 8, 1936, because of disability arising from the hernia. Compensation has been paid from February 2, 1938, to February 18, 1939, on account of the chest condition. The appeal is from the refusal of the State Industrial Board to award compensation for the chest condition from May 8, 1936, to February 2, 1938. As common-law evidence was given by the medical experts the reports filed containing statement by physicians may not be considered. Three physicians gave oral testimony as to claimant's chest condition. If it was proper to pay compensation for the latter condition after February, 1938, the injury having been received in 1935, the statement by claimant's doctors is corroborated and there is no evidence to the contrary.

In the Matter of the Claim of CHARLES H. FLEUR, Respondent, against PILGRIM KNITWEAR, INC,. and UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.